

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-94,786-01

### EX PARTE CHRISTOPHER DEWAYNE FLOWERS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1361743-A IN THE 232ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. YEARY, J., filed a concurring opinion. KEEL, J., did not participate.

### O P I N I O N

Applicant was convicted of delivery of a controlled substance and sentenced to ninety days' imprisonment. Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant raises claims of false evidence, involuntary plea, and actual innocence related to the discovery of prior misconduct by former Houston Police Officer Gerald Goines, who was the sole witness against Applicant in his case. Based on the record, the trial court found that Applicant was denied due process by the use of false evidence against him and that his guilty plea was involuntary. *Ex parte Mathews,* 638 S.W.3d 685 (Tex. Crim. App. 2022); *Ex parte Coty*, 418

S.W.3d 597 (Tex. Crim. App. 2014). The State and trial court both recommend granting relief on false evidence and involuntary plea grounds but not on actual innocence grounds. We agree.

Relief is granted. *Ex parte Chabot*, 300 S.W.3d 768, 772 (Tex. Crim. App. 2009)*; Brady v. United States*, 397 U.S. 742 (1970). The judgment in cause number 1361743 in the 232nd District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.


Delivered: June 7, 2023
Do not publish